**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GARY BUELOW, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, et al.,<br><br>Defendants. | Case No. 15-cv-05179-BLF<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO STAY**<br><br>[Re: ECF 22, 23] |

Before the Court are Plaintiffs' Motion to Remand ("Remand Mot."), ECF 22, and Defendants' Motion to Stay, ECF 23. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Defendants' Motion to Stay as moot.

**I.     BACKGROUND**

On October 5, 2015, Plaintiff Gary Buelow brought a putative securities fraud class action against Defendants, including Alibaba Group Holding Limited ("Alibaba"), Alibaba officers and directors, and the underwriters of Alibaba's initial public offering ("IPO"), in San Mateo County Superior Court. *See* Notice of Removal, ECF 1 at 1. Plaintiffs Rustem Nurlybayev and Michael Hercules each filed a complaint asserting identical claims against identical defendants on October 15, 2015 and October 16, 2015, respectively, also in San Mateo County Superior Court. *Id.* Each Plaintiff brought his action on behalf of all persons who acquired Alibaba American Depository Shares pursuant or traceable to Alibaba's Registration Statement and Prospectus issued in connection with Alibaba's September 2014 IPO. *See* Buelow Compl. ¶ 2, Hercules Compl. ¶ 3, Nurlybayev Compl. ¶ 2. Each complaint asserted violations of §§ 11, 12, and 15 of the Securities Act of 1933 ("Securities Act") and included no state law causes of action. *See* Buelow Compl. ¶ 3;

1  Hercules Compl. ¶ 3; Nurlybayev Compl. ¶ 3. On November 2, 2015, the state court related and

2  consolidated the three actions. *See* Notice of Removal at 1.

3       On November 12, 2015, Defendants removed the consolidated action to this Court under

4  28 U.S.C. § 1441(a). *Id*. On November 20, 2015, Plaintiffs filed a Motion to Remand. On

5  December 11, 2015, Defendants opposed, ECF 30, and on December 18, 2015, Plaintiffs replied,

6  ECF 32.[1]

7  **II.   LEGAL STANDARD**

8       Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil suit from state court to

9  federal court if the action could initially have been filed in federal court unless Congress expressly

10 provides otherwise. *See, e.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). However, all

11 such "removal statutes are strictly construed against removal," *Luther v. Countrywide Home*

12 *Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008), and "[f]ederal jurisdiction must be

13 rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*,

14 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption against removal

15 jurisdiction," the party seeking removal "always has the burden of establishing that removal is

16 proper." *Id*. (internal quotation marks omitted). But "a plaintiff seeking remand has the burden to

17 prove that an express exception to removal exists." *Luther*, 533 F.3d at 1034.

18 **III.  DISCUSSION**

19      The question before the Court is whether the Securities Act, as amended by the Securities

20 Litigation Uniform Standards Act ("SLUSA") of 1998, explicitly bars removal of this action.

21 Plaintiffs contend that it does, thereby denying the Court of jurisdiction and requiring remand.

22 Remand Mot. at 2, 5-10. Defendants counter that the statute instead strips state courts of

23 jurisdiction over Securities Act class actions, thereby making this Court the correct forum for this

24 case. Remand Opp. at 7-15.

---

[1] On November 23, 2015, Defendants filed a Motion to Stay pending determination by the Judicial Panel on Multidistrict Litigation regarding the transfer of this action to an existing multidistrict litigation. ECF 23. On December 11, 2015, Plaintiffs opposed, ECF 28, and on December 18, 2015, Defendants replied, ECF 33. Because the Court GRANTS the Motion to Remand, the Court does not consider the merits of the Motion to Stay.

"As with any question of statutory interpretation," the Court "begins with the plain language of the statute." *Jiminez v. Quarterman*, 555 U.S. 113, 118 (2009). "In ascertaining the plain meaning of the statute, [a] court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier,* 486 U.S. 281, 291 (1988). To determine this motion, the Court turns to 15 U.S.C. §§ 77v(a), 77p(b), and 77p(c), the Securities Act's jurisdiction and anti-removal provisions.

Prior to the 1998 amendment, § 77v(a) granted state and federal courts concurrent jurisdiction over Securities Act claims and barred removal of any case arising under the Securities Act. With the passage of SLUSA, the jurisdictional provision was amended to read,

> The district courts of the United States . . .  shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p with respect to covered class actions,* of all suits . . . brought to enforce any liability or duty created by this subchapter.

15 U.S.C. §77v(a) (emphasis added to show amendment).

The anti-removal provision was amended to provide:

> *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

*Id.*

Section 77p(c), added by SLUSA and titled "Removal of covered class actions," provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

Subsection (b), also a SLUSA addition, is titled "Class action limitations" and precludes certain covered class actions, as follows:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

>(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C.A. § 77(b).

Finally, SLUSA added a definitions section, which defined "covered class action" to include "any single lawsuit in which damages are sought on behalf of more than 50 persons or prospective class members . . . or one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A).

Plaintiffs argue that, taking these amendments as a whole, the anti-removal provision "reduces to: 'no case arising under the [Securities Act] . . . shall be removed' unless 'based upon the statutory or common law of any State." Remand Mot. at 6. Because this case concerns only Securities Act claims, Plaintiffs argue that Defendants are therefore barred from removing it.

Defendants instead focus on § 77v(a)'s jurisdictional provision and argue that the most straightforward reading of the amendments is that state courts no longer have jurisdiction over Securities Act claims in "covered class actions." As noted above, the amended language exempts covered class actions "as provided in section 77p." Section 77p contains four subsections that refer to "covered class actions": (b),(c), and (f), all quoted above, as well as (d). Defendants argue that the relevant section for jurisdiction is the definitions provision, § 77p(f), quoted above, rather than the more limited subset of covered class actions in §§ 77p(b) and (c). The parties do not dispute that this action is a covered class action under § 77p(f)'s definition. *See* Remand Opp. at 5. Thus, Defendants argue, the state court where this case was initially filed is not a "court of competent jurisdiction" for this case and § 77v(a)'s anti-removal language is therefore inapplicable here.

Considering the statute as a whole, the Court finds Plaintiffs' reading of the statutory language more persuasive. The most straightforward reading of the provisions is that only covered class actions with state law claims can be removed to federal court, as provided in § 77p(c), and only for the purpose of dismissing the state law claims, as required by § 77p(b). *See Cervantes v. Dickerson,* No. 15-cv-3825-PJH, 2015 WL 6163573, at *4 (N.D. Cal. Oct. 21, 2015).

This position is consistent with dicta from the Supreme Court and the Ninth Circuit. In holding that a decision to remand is not appealable under 28 U.S.C. 1447(d), the Supreme Court

4

1  noted that "the straightforward reading" of §§ 77p(b) and (c) is that § 77p(b) can either preclude
2  an action, in which case "neither the district court nor the state court may entertain it," or, if the
3  action is not precluded, "the proper course is to remand to the state court." *Kircher v. Putnam*
4  *Funds Trust*, 547 U.S. 633, 643-644. The Ninth Circuit has similarly explained that "any suit
5  removable under the SLUSA's removal provision, § 77p(c), is precluded under SLUSA's
6  preclusion provision, § 77p(b), and any suit not precluded is not removable." *Madden v. Cowen &*
7  *Co.*, 576 F. 3d 957, 965 (9th Cir. 2009) (citing *Kircher*, 547 U.S. at 644). *See also Luther*, 533
8  F.3d at 1033 (§ 77v(a) "strictly forbids removal of cases brought in state court and asserting
9  claims under the [Securities Act]").

10  In reaching this holding, the Court joins what "appears to be emerging as the dominant
11  view around the country." *Plymouth Cty. Ret. Sys. v. Model N, Inc.,* No. 14-CV-04516-WHO,
12  2015 WL 65110, at *3 (N.D. Cal. Jan. 5, 2015). Earlier courts considered orders that had "not
13  harmonized the jurisdictional and removal provisions of §§ 77v and 77p with the same effect."
14  *Young v. Pacific Biosciences of California, Inc.*, 5:11-cv-05668 EJD, 2012 WL 851509, at *2
15  (N.D. Cal. March 13, 2012) (granting remand); *see also Lapin v. Facebook, Inc.,* No. C-12-3195
16  MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) (denying remand). The few cases
17  Defendants cite in support of their position fall into this category of earlier cases, and the majority
18  come from outside this district. *See Lapin,* 2012 WL 3647409, at *2; *Knox v. Agria Corp.*, 613 F.
19  Supp. 2d 419 (S.D.N.Y. 2009); *In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831 (PAC), 2009
20  WL 4067266 (S.D.N.Y. 2009).

21  "Since 2013, however, every court in this district to address the issue has granted remand."
22  *Plymouth Cty. Ret. Sys. v. Model N, Inc.,* No. 14-CV-04516-WHO, 2015 WL 65110, at *3 (N.D.
23  Cal. Jan. 5, 2015). *See also City of Warren Police,* 2015 WL 5117631, at *3 (citing five decisions
24  in this district granting remand since 2012 and noting that "[t]o the Court's knowledge, only a
25  single district court in any district has denied remand since August 2012"). In other words,
26  "Defendants' position has been soundly rejected in recent years." *Liu v. Xoom Corp.*, No. 15-cv-
27  00602-LHK, 2015 WL 3920074, at *3 (N.D. Cal. June 25, 2015).
28  The Court finds Defendants' counterargument that Plaintiffs' interpretation of § 77v(a)

5

"would render the jurisdictional amendment superfluous," Remand Opp. at 7, similarly unpersuasive. As other courts in this district have explained, this argument "amounts to little more than disagreement with the analysis in [the majority of] decisions." *Plymouth*, 2015 WL 65110, at *4. *See also Liu*, 2015 WL 3920074, at *4.

The legislative history cited by Defendants is also insufficient. While a court may consider the legislative history of a statute where its plain language is ambiguous, *see, e.g., Funbus Systems Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1126 (9th Cir. 1986), the legislative history cited by the parties fails to provide additional clarity. For example, Defendants cite to H.R. Conf. Rep. No. 105-803 (1998), at 13, which states that "[t]he purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." Remand Opp. at 11. However, Plaintiffs identify competing statements in the Senate Committee Report, which defines SLUSA's purpose as "limit[ing] the conduct of securities class actions under state law" and does not reference eliminating concurrent jurisdiction. Remand Mot. at 9-10 (quoting S. Rep. No. 105-182, at 1 (1998)). As numerous courts in this district have noted, this legislative history is too "murky" to aid in interpreting the statute. *See, e.g., Desmarais*, 2013 WL 5735154, at *5; *City of Warren Police,* 2015 WL 5117631, at *4; *Liu*, 2015 WL 3920074, at *5.

Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal," *Gaus*, 980 F.2d at 566, the Court concludes that this action is not removable to federal court under 15 U.S.C. §§ 77v(a), 77p(c) and (b). Accordingly, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Defendants' Motion to Stay as moot. This action is remanded to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: January 20, 2016

_____
BETH LABSON FREEMAN
United States District Judge